UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER JACKSON,<br><br>                              Plaintiff,<br><br>              -against-<br><br>MAT BUS CORP./TOTAL<br>TRANSPORTATION; STEPHANIE<br>FONTINEZ; ROBERT W. GAROFOLO,<br><br>                              Defendants. | 24-CV-4115 (CS)<br><br>ORDER OF SERVICE |

CATHY SEIBEL, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 alleging that his employer discriminated against him based on his race. The complaint could also be construed as asserting claims under 42 U.S.C. § 1981, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297. *Cf. McLeod v. Jewish Guild for the Blind*, 864 F. 3d 154, 158 (2d Cir. 2017) (holding that where a *pro se* plaintiff's factual allegations supported claims under "well-known" provisions of state law, district courts must construe the complaint as asserting claims under those laws, "regardless of [plaintiff's] failure to check the appropriate blank on a form complaint"). By order dated August 7, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

By order dated August 13, 2024, the Court directed the Clerk of Court to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants, issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

On September 11, 2024, Plaintiff filed an Amended Complaint, replacing Defendant May Bus Corp. (Total Transportation) with Defendant MAT Bus Corp./Total Transportation. To allow Plaintiff to effect service on Defendant MAT Bus Corp./Total Transportation, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant MAT Bus Corp. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant MAT Bus Corp.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

## CONCLUSION

The Clerk of Court is instructed to issue a summons for MAT Bus Corp./Total Transportation, complete the USM-285 form with the address for MAT Bus Corp./Total Transportation, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to add Defendants Stephanie Fontaniz and Robert W. Garofolo to the docket.

SO ORDERED.

Dated:    September 12, 2024
          White Plains, New York

_____
CATHY SEIBEL
United States District Judge

## SERVICE ADDRESS FOR DEFENDANT

MAT Bus Corp./Total Transportation
160 Airport Drive
Wappingers Falls, N.Y. 12590